**Robert SANGSTER, Plaintiff–
Appellant,**

v.

**SVERDRUP CIVIL, INC.,
Defendant–Appellee.**

No. 00–56124.

D.C. No. CV–99–1230–GLT.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2001.[1]

Decided Dec. 12, 2001.

Before NOONAN and WARDLAW,
Circuit Judges and SCHWARZER,[2]

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

District Judge.

## MEMORANDUM [3]

Appellant Robert Sangster (Sangster) appeals a judgment by the district court granting summary judgment to Sverdrup Civil, Inc. (Sverdrup) in a diversity action. Sangster alleged that when Sverdrup transferred him out of a San Diego project after concluding he had committed sexual harassment, the company violated the California Fair Employment and Housing Act ("FEHA"), breached an implied-in-fact contract not to terminate without good cause, and breached an implied covenant of good faith and fair dealing. Sangster was transferred without loss of salary or benefits. It is unclear from the record what damages Sangster claims he suffered because he did not submit his original complaint.

The district court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. A grant of a motion for summary judgment is reviewed de novo. *Delta Savings Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001). We hold that the district court did not err in granting Sverdrup's motion for summary judgment.

The basic facts have already been set forth by both parties in their briefs.

▇ Summary judgment was proper as to Sangster's FEHA claim because Sangster offers no evidence that Sverdrup discriminated against him on the basis of gender. He must establish a prima facie case raising a presumption of discrimination. *Sada v. Robert F. Kennedy Med. Ctr.*, 56 Cal.App.4th 138, 148–50, 65 Cal. Rptr.2d 112 (1997). However, Sangster does not point to any female employee at Sverdrup who committed sexual harassment and was treated more favorably.

▇ Summary judgment was also proper as to Sangster's implied contract and implied covenant claims because he could not establish that an implied agreement existed specifying a fixed term of employment or allowing terminations and transfers only for good cause. "Long and successful service standing alone cannot demonstrate an implied-in-fact contract right not to be terminated at will." *Guz v. Bechtel National Inc.*, 24 Cal.4th 317, 343, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). An implied contract of employment may arise from a combination of factors, including (1) longevity of service; (2) oral and written assurances of stable and continuous employment, including commendations and promotions; and (3) an employer's personnel practices and policies. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 389 n. 2, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Although Sangster worked for Sverdrup for over 9 years, he could not show any oral or written assurances of continued employment made by any Sverdrup representative. He was never promoted, received a poor performance review in 1992, and the San Diego project staffing forecast charts he relied so heavily upon were only internal company documents used to project staffing costs. Sangster also does not show an unwritten company-wide policy of transferring or terminating employees only for good cause. The excerpt of Roger Woodhull's deposition testimony he quotes was actually Woodhull's uncertain response to a question regarding his knowledge of Sverdrup's *written* employment policies. Sangster was an at-will employee.

▇ Finally, because we conclude that no implied-in-fact contract existed between Sangster and Sverdrup, "it necessarily follows he cannot state a cause of action for

---

breach of the implied covenant of good faith and fair dealing." *Gould v. Md. Sound Indus., Inc.,* 31 Cal.App.4th 1137, 1152, 37 Cal.Rptr.2d 718 (1995).

The judgment of the district court is AFFIRMED.

---

1. John Ashcroft is substituted for his predecessor, Janet Reno. See Fed. R.App. P. 43(c)(2).

2. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

3. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.